

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00578-CR

Lawrence Joseph **GALL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR8257
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: August 2, 2023

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in the underlying cause on March 23, 2023. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on April 22, 2023. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on May 7, 2023. TEX. R. APP. P. 26.3. Appellant filed notices of appeal on May 30, 2023 and June 1, 2023 and filed a motion for extension of time on May 31, 2023. Because the notice of appeal was untimely filed, this court ordered appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction. On July 12, 2023, appellant's appointed counsel

filed a response that did not dispute that the notice of appeal was untimely but explained that counsel was not appointed until June 1, 2023.

A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Id.* Because appellant did not file a timely notice of appeal or request for extension of time to file a notice of appeal, this appeal is dismissed for want of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH